IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2002

## STATE OF TENNESSEE v. JOSHUA S. GRUBB

Appeal from the Criminal Court for Anderson County
Nos. A0CR0005, A0CR0159 and A0CR416A      James B. Scott, Jr., Judge

No. E2001-02205-CCA-R3-CD
January 28, 2003

Joshua S. Grubb appeals from the Anderson County Criminal Court's imposition of incarcerative sentencing for his three aggravated burglary and three theft convictions. Contending that the lower court erroneously denied him probation, he asks us to reverse the sentencing orders entered below. We are, however, unpersuaded of the defendant's worthiness for probationary sentences and, therefore, affirm the lower court's judgments.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J. and JERRY L. SMITH, J., joined.

Roger A. Miller, Clinton, Tennessee, for the Appellant, Joshua S. Grubb.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Following his apprehension for a series of home burglaries and thefts, the defendant entered guilty pleas to three counts of aggravated burglary, one count of Class D felony theft, and two counts of misdemeanor theft. An aggravated assault charge was dismissed as part of the plea agreement. In addition, the defendant agreed to dismiss his appeal to Criminal Court from the Anderson County General Sessions Court's revocation of a probationary sentence in a previous case, the result being that the defendant would have to serve a six-month jail sentence. The defendant's plea agreement imposed three-year sentences for each of the aggravated burglary convictions, a two-year sentence for the felony theft conviction, and two sentences of eleven months, 29 days in the misdemeanor thefts. A combination of consecutive and concurrent sentencing was imposed, resulting in a six-year effective sentence for the prior revocation case and the new convictions. The

manner of service of the sentences in all cases except the revocation case was left for the trial court's determination.

At the sentencing hearing, the still-youthful defendant came before the court with experience beyond his years in the criminal justice system. His prior record includes prior revocations of probationary sentences in the adult system as well as prior revocations in juvenile court. Despite the fact that the defendant was only 21 years old at the time of sentencing, he had already accumulated numerous convictions in the adult system, including four prior convictions of assault and convictions for leaving the scene of an accident, marijuana possession, contributing to the delinquency of a minor, and aggravated criminal trespass. The defendant's juvenile record, beginning at age 15, includes adjudications for truancy, being a runaway, and unlawful possession of a weapon.

Notwithstanding this background, the defendant sought probationary sentencing. He offered testimonial evidence from his mother, father, and maternal grandmother. He also testified on his own behalf. The defendant's evidence was that despite his background, he was a worthy candidate for probation based upon his willingness to undergo drug treatment, desire to be involved in the parenting of his three-year-old daughter, and the availability of support from his family. The defendant expressed his desire to better himself by learning a trade, and although the defendant was not working at the time of sentencing, he offered evidence of some prior employment. Generally, the defendant and his witnesses implored the court to give the defendant one more chance at non-incarcerative sentencing.

The state offered evidence via the presentence report and its author, which consisted of factual information regarding the defendant's prior criminal history and other background evidence. In addition, the state elicited evidence during cross-examination of the defendant's witnesses which further illustrated the defendant's generally uncomplimentary history.

At the conclusion of the sentencing hearing, the court found the defendant an unsuitable candidate for a probationary sentence and ordered that he serve his felony sentences in the Department of Correction and his misdemeanor sentences in the county jail. Although the court did not discuss the possibility of other alternatives to incarceration, the defendant did not seek any form of alternative sentencing other than probation. Upon the court's denial of probation, the defendant filed the appeal presently before us.

In making a felony sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. § 40-35-210(a), (b) (Supp.); Tenn.

Code Ann. § 40-35-103(5) (1997); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. *See id.* § 40-35-102(5), (6) (1997); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Tenn. Code Ann. § 40-35-103(5) (1997). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Likewise, the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f) (Supp. 2002); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999). These duties of the trial court extend, however, only to felony sentencing. Tenn. Code Ann. §§ 40-35-209(c), - 210(f) (Supp. 2002); *Troutman*, 979 S.W.2d at 274; *Russell*, 10 S.W.3d at 278. Misdemeanor sentencing affords the sentencing court with greater flexibility. *See, e.g., State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999), *perm. app. denied* (Tenn. 2000). The misdemeanor sentencing statute only requires that the trial court consider the enhancement and mitigating factors when calculating the percentage of the sentence to be served "in actual confinement" prior to "consideration for work release, furlough, trusty status and related rehabilitative programs." Tenn. Code Ann. § 40-35-302(d) (Supp. 2002); *Troutman*, 979 S.W.2d at 274.

In this case, the trial court failed to memorialize his consideration of the relevant factors or to make findings of fact on the record. Accordingly, we afford no presumptive correctness to its sentencing determination and review its sentencing determination *de novo*.

The defendant in this case enjoys the presumption of favorable candidacy for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6) (1997). Moreover, he is eligible for probation. *See id.* § 40-35-303(a) (Supp. 2002). Unlike the presumption of favorable candidacy for alternative sentencing in general, a defendant bears the burden of demonstrating the suitability of probation, in particular. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). To meet that burden, the defendant must show that probation will "subserve the ends of justice and the best interest of both

the public and the defendant." *Id.* at 456 (citation omitted). In that regard, the trial court appropriately considers the defendant's candor and credibility, or lack thereof, as indicators of his potential for rehabilitation. *See, e.g., State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999), *perm. app. denied* (Tenn. 2000); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).

We begin with a review of the relevant enhancement and mitigating factors. In that regard, we note the following enhancement factors are applicable to all of the defendant's sentences:

(1)　　The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(2)　　The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community.

Tenn. Code Ann. § 40-35-114(1), (8) (1997) (amended Pub. Acts 2002, ch. 849). The presentence report clearly illustrates the applicability of these factors. In addition, the offenses in cases A0CR0005 and A0CR0159 are entitled to enhancement because the defendant was on probation at the time he committed the new offenses, as illustrated by the presentence report. *See id*. § 40-35-114(13)(C) (Supp. 2002). It appears likely that the defendant was on bond or some other form of release at the time of the offenses in case A0CR0416; however, we are not able to discern that from the record with sufficient certainty to apply the relevant enhancement factor to the sentences in that case. With respect to mitigating factors, the defendant has commended none to us, and we are unpersuaded that any should be applied. *See id.* § 40-35-113 (1997).

We next consider whether the state has rebutted the defendant's favorable presumption of favorable candidacy for alternative sentencing for his felony cases. *See id*. § 40-35-102(6) (1997). Evidence to the contrary of that presumption is presented by "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation." *Id*. § 40-35-102(5) (1997). The defendant's criminal history and past rehabilitative failures qualify him for this category. We no longer presume that he is a favorable candidate for an alternative sentence.

Moreover, we are convinced that a sentence involving confinement is appropriate for him. Section 40-35-103 defines the principles which must be considered when a court is contemplating sentences involving confinement for a particular defendant. Confinement is appropriate when

(A)　　Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)　　Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or,

(C)　　Measure less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

*Id.* § 40-35-103(1)(A) - (C) (1997). All of these principles are apt in the case at bar. The defendant has an abysmal prior criminal record, particularly for an individual of his young age. He has been given prior opportunities to rehabilitate himself through non-incarcerative sentencing, and he has failed to take advantage of those opportunities. There was evidence that the defendant was immersed in the criminal milieu, and an incarcerative sentence, particularly in light of the defendant's criminal history, would provide deterrence to others likely to commit similar offenses. Accordingly, we conclude that a sentence involving confinement is appropriate for the defendant.

Based upon our findings that the defendant is not entitled to the presumption of favorable candidacy for alternative sentencing and is an offender for whom confinement is appropriate, we conclude that the defendant has justly earned his Department of Correction sentences in the felony cases. Furthermore, we are likewise convinced that he is deserving of jail sentences for his misdemeanor cases. We are unpersuaded that the trial court erred in imposing confinement for the defendant's sentences.

For these reasons, we affirm the judgments of the lower court.

_____
JAMES CURWOOD WITT, JR., JUDGE